IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JASON LANE CLARK, AIS 310480, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. |
| | ) | 2:20cv287-RAH-CSC |
| JOSEPH HEADLEY, et al., | ) | (WO) |
| | ) | |
| Petitioner. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Before the court is Alabama inmate Jason Lane Clark's petition for writ of habeas corpus under 28 U.S.C. § 2254. Doc. 1.[1] Clark challenges his convictions and resulting sentence for two counts of first-degree aggravated stalking. For the reasons discussed below, the court recommends that Clark's petition be denied without an evidentiary hearing and that this case be dismissed with prejudice.

**I.  BACKGROUND**

**A.  State Court Proceedings**

On July 11, 2016, Clark pled guilty in the Montgomery County Circuit Court to two counts of aggravated stalking in the first degree, in violation of Ala. Code § 13A-6-91.[2] On

---

[1] References to "Doc(s)." are to the document numbers of the pleadings, motions, and other materials in the court file, as compiled and designated on the docket sheet by the Clerk. Pinpoint citations are to the page of the electronically filed document in the Court's CM/ECF filing system, which may not correspond to pagination on the "hard copy" of the document presented for filing.

[2] A person who repeatedly follows or harasses another person and who makes a threat, either expressed or implied, with the intent to place that person in reasonable fear of death or serious bodily harm, and whose conduct also violates a court order or injunction, is guilty of the crime of

August 28, 2017, the trial court sentenced Clark to consecutive terms of 20 years' imprisonment, for a total of 40 years in prison.

Clark appealed. However, he didn't reserve any issues for appellate review before pleading guilty. And he didn't file a motion to withdraw his guilty plea or a motion for new trial after sentencing. Consequently, the Alabama Court of Criminal Appeals entered an order on October 20, 2017, dismissing Clark's appeal on the authority of *Williams v. State*, 854 So. 2d 625 (Ala. Crim. App. 2003).[3] Doc. 8-5. On that same date, the Alabama Court of Criminal Appeals issued a certificate of judgment. *Id*.

On October 5, 2018, Clark filed a petition in the trial court seeking relief from his conviction and sentence under Rule 32 of the Alabama Rules of Criminal Procedure. Doc. 8-7 at 5–12. In his Rule 32 petition, Clark raised the following claims:

1. His trial counsel rendered ineffective assistance by telling him that, if he pled guilty, he would most likely be sentenced to time served, and his appellate counsel was ineffective for failing to assert this claim on direct appeal.

2. Trial counsel was ineffective for failing to ensure that the written reports of two mental-health professionals who examined Clark were made part of the record to support Clark's arguments that his two consecutive 20-year sentences constituted cruel and unusual punishment and violated the principles of Rule 26.8 of the Alabama Rules of Criminal Procedure.

---

aggravated stalking in the first degree, a Class B felony. *See* Ala. Code § 13A-9-61; Ala. Code § 13A-9-60(a).

[3] In *Williams*, the Alabama Court of Criminal Appeals held that, following amendments to the Alabama Rules of Criminal Procedure in 2002, a guilty plea in Alabama can only be appealed if the appellant either reserved specific issues for appellate review before entering the guilty plea or, within thirty days from the date the sentence was pronounced, filed a motion to withdraw the guilty plea or motion for new trial. 854 So.2d 626–27.

      3.      Trial and appellate counsel were ineffective for failing to argue that Clark's sentence violated the principles of Ala. R. Crim. P. 26.8.

      4.      Appellate counsel was ineffective for failing to inform the Alabama Court of Criminal Appeals that issues had been reserved for appellate review, which resulted in dismissal of Clark's appeal.

Doc. 8-7 at 2–10.

The State filed an answer to Clark's Rule 32 petition arguing that his claims were insufficiently pled and meritless. Doc. 8-7 at 21–30. On July 1, 2019, the trial court (referred to, where appropriate, as "the Rule 32 court") entered an order denying Clark's Rule 32 petition on the grounds asserted by the State. Doc. *Id.* at 41–43.

Clark appealed the denial of his Rule 32 petition, pursuing several, but not all, of the claims raised in the petition. Doc. 8-11. On January 24, 2020, the Alabama Court of Criminal Appeals issued a memorandum opinion affirming the judgment denying Clark's Rule 32 petition. Doc. 8-8. Clark applied for rehearing, which was overruled. His petition for writ of certiorari was denied by the Alabama Supreme Court on April 10, 2020. Docs. 8-9, 8-10.

**B.**    **Clark's § 2254 Petition**

On April 27, 2020, Clark, through counsel, filed this § 2254 petition in which he asserts the same claims of ineffective assistance of counsel he presented in his Rule 32 petition. Doc. 1. Respondents argue that some of Clark's claims are procedurally defaulted and that the remaining ones were correctly rejected on the merits by the state court. Doc. 8.

## II.  DISCUSSION

A. **Procedural Default**

   1. **Exhaustion**

A petitioner must exhaust all available state-court remedies before filing a federal habeas petition. 28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). In particular, "[e]xhaustion requires that 'state prisoners . . . give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.'" *Mason v. Allen*, 605 F.3d 1114, 1119 (11th Cir. 2010) (quoting *O'Sullivan*, 526 U.S. at 845). To exhaust a claim challenging a conviction and/or sentence issued by an Alabama state court, the petitioner must first present the claim to the state court, either through a direct appeal or a Rule 32 post-conviction petition and appeal therefrom. *Smith v. Jones,* 256 F.3d 1135, 1140–41 (11th Cir. 2001). Thereafter, the petitioner must seek rehearing in the Alabama Court of Criminal Appeals and file a petition for writ of certiorari in the Alabama Supreme Court. *See id.*; Ala. R. App. P. 39, 40.

Habeas claims not properly exhausted in the state courts are procedurally defaulted if presentation of the claims in state court would be barred by state procedural rules. *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991). "[I]f the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred[,] . . . there is a procedural default for purposes of federal habeas." *Id.*; *see Henderson v. Campbell*, 353 F.3d 880, 891 (11th Cir. 2003).

4

### 2. Adequate and Independent State Grounds

Federal habeas review may also be unavailable for claims that a state court has rejected on state procedural grounds. *Coleman*, 501 U.S. at 729. When a state prisoner fails to follow state procedural rules, thereby procedurally defaulting on a claim, the authority of federal courts to review the prisoner's state court criminal conviction is "severely restricted." *Johnson v. Singletary*, 938 F.2d 1166, 1173 (11th Cir. 1991). "Federal review of a petitioner's claim is barred by the procedural-default doctrine if the last state court to review the claim states clearly and expressly that its judgment rests on a procedural bar, and that bar provides an adequate and independent state ground for denying relief." *Atkins v. Singletary*, 965 F.2d 952, 955 (11th Cir. 1992). To bar federal review, the state procedural bar must have been "firmly established and regularly followed" at the time of the alleged default. *Ford v. Georgia*, 498 U.S. 411, 424 (1991).

The Supreme Court has stated:

> By its very definition, the adequate and independent state-ground doctrine requires the federal court to honor a state holding that is a sufficient basis for the state court's judgment, even when the state court also relies on federal law. *See Fox Film Corp. v. Muller*, 296 U.S. 207, 210 (1935). Thus, by applying this doctrine to habeas cases, [*Wainwright v. Sykes*, 433 U.S. 72 (1977)] curtails reconsideration of the federal issue on federal habeas as long as the state court explicitly invokes a state procedural bar rule as a separate basis for decision. In this way, a state court may reach a federal question without sacrificing its interests in finality, federalism, and comity.

*Harris v. Reed*, 489 U.S. 255, 264 n.10 (1989).

### 3. Exceptions to Procedural Default

A habeas petitioner can overcome a procedural default either by showing cause for the default and resulting prejudice, *Murray v. Carrier*, 477 U.S. 478, 488 (1986), or

5

establishing a "fundamental miscarriage of justice," which requires a colorable showing of actual innocence, *Schlup v. Delo*, 513 U.S. 298, 324–27 (1995). Cause for a procedural default ordinarily turns on whether the petitioner can show that some objective factor external to the defense impeded efforts to comply with the state's procedural rules. *Murray*, 477 U.S. at 488. Examples of external impediments include a factual or legal basis for a claim not reasonably available, interference with the defense by government officials, or constitutionally ineffective assistance of counsel. *Id*. To establish prejudice, a petitioner must show that the errors worked to his "actual and substantial disadvantage, infecting his entire [proceeding] with error of constitutional dimensions." *Id.* at 494 (internal quotations and emphasis omitted).

Prisoners asserting actual innocence as a gateway to review of defaulted claims must establish that, in light of new evidence, "it is more likely than not that no reasonable juror would have found [the] petitioner guilty beyond a reasonable doubt." *Schlup*, 513 U.S. at 327. "[T]he *Schlup* standard is demanding and permits review only in the 'extraordinary' case." *House v. Bell*, 547 U.S. 518, 538 (2006). As the Supreme Court observed in *Schlup*:

> [A] substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare. . . . To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial. Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful.

513 U.S. at 324.

### 4. Clark's Defaulted Claims

As he did in his Rule 32 petition, Clark presents claims that (1) his trial counsel rendered ineffective assistance by telling him that, if he pled guilty, he would most likely be sentenced to time served, and (2) his appellate counsel was ineffective for failing to assert this claim on direct appeal. Doc. 1 at 4-5; *see* Doc. 8-7 at 2–3.

In its order denying these claims of ineffective assistance, the Rule 32 court found:

> 1. Petitioner did not receive ineffective assistance of counsel because counsel discussed with Petitioner what his sentence was "likely to be."
>
> Defense Counsel's advice as to what a "likely" sentence would be does not constitute ineffective assistance of counsel. The record reflects that Petitioner entered a guilty plea after an extensive colloquy with the Court wherein Petitioner indicated that he was entering the plea without the benefit of any sentencing agreement and that no threats or promises had been made to induce his plea. Petitioner has failed to meet his burden of pleading as relates to this allegation. Consequently, this claim is due to be dismissed.

8-7 at 41.

In its memorandum opinion affirming the Rule 32 court's judgment, the Alabama Court of Criminal Appeals found that Clark had abandoned these claims for appellate review by failing to pursue them in his appeal from the denial of his Rule 32 petition. Doc. 8-8 at 2. The court stated:

> Clark does not reassert on appeal the claim that his trial counsel was ineffective for telling him that, if he pleaded guilty, he would most likely be sentenced to time served, thereby rendering his guilty pleas involuntary. Nor does he pursue on appeal the claim that his appellate counsel was ineffective for not raising this claim on appeal. Therefore, these claims are deemed abandoned and will not be considered by this Court. *Ferguson v. State*, 13 So. 3d 418, 436 (Ala. Crim. App. 2008) ("[C]laims presented in a Rule 32 brief are deemed abandoned."); and *Brownlee v. State*, 666 So. 2d 91, 93

(Ala. Crim. App. 1995) ("We will not review issues not listed and argued in brief.").

Doc. 8-8 at 2 n.2.

The Alabama Court of Criminal Appeals' application of the procedural bar to appellate review of Clark's claims constituted an adequate and independent state procedural ground for denying relief. *Harris*, 489 U.S. at 264 n.10. This procedural bar is firmly established and regularly followed by Alabama appellate courts. *See Ferguson v. State*, 13 So. 3d 418, 436 (Ala. Crim. App. 2008) ("[C]laims presented in a Rule 32 petition but not argued in brief are deemed abandoned."); *Brownlee v. State*, 666 So. 2d 91, 93 (Ala. Crim. App. 1995) ("We will not review issues not listed and argued in brief."); *Burks v. State*, 600 So. 2d 374, 380 (Ala. Crim. App. 1991) ("Errors assigned and not argued will be treated as abandoned."). The Eleventh Circuit recognizes that where a state court has determined a petitioner abandoned a claim on collateral appeal, the abandoned claim is "procedurally barred for federal habeas purposes." *Sims v. Singletary*, 155 F.3d 1297, 1311 (11th Cir. 1998). Clark's claims here are procedurally defaulted.[4]

Clark offers no grounds as cause excusing his procedural default of these claims. Nor does he assert his actual innocence as a gateway for review of his defaulted claims. Because Clark does not demonstrate cause or assert his actual innocence to excuse his

---

[4] Because Clark abandoned these claims, he did not present them through one complete round of state-court review, and the claims are therefore unexhausted. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Any attempt to reassert these claims in state court would be futile as untimely and as previously asserted in a Rule 32 petition. Ala. R. Crim. P. 32.2(b) and (c).

procedural default, the claims he abandoned in his appeal from the denial of his Rule 32 petition are foreclosed from federal habeas review.

## B. Claims Adjudicated on Merits

Respondents acknowledge that Clark's remaining claims of ineffective assistance of counsel were adjudicated on the merits, and received a complete round of appellate review, in state court. Doc. 8 at 11–12. Respondents contend that the state court correctly denied the claims on the merits. *Id.* at 11–17.

The Antiterrorism and Effective Death Penalty Act ("AEDPA") imposes "a highly deferential standard for evaluating state-court rulings" and "demands that state-court decisions be given the benefit of the doubt." *Felkner v. Jackson*, 562 U.S. 594, 598 (2011) (quotes and cite omitted). This court cannot disturb state court rulings on fully adjudicated issues unless they

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). This is a highly deferential, "difficult to meet" standard that petitioners must overcome. *Harrington v. Richter,* 562 U.S. 86, 102 (2011); *Cullen v. Pinholster*, 563 U.S. 170, 180 (2011). A federal habeas court "may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Greene v. Upton*, 644 F.3d 1145, 1154 (11th Cir. 2011) (citation omitted). Rather, "[a]s a condition

9

for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington*, 562 U.S. at 103 (quoted in *Hill v. Humphrey*, 662 F.3d 1335, 1345 (11th Cir. 2011) (en banc)).

And "§ 2254(d) applies even to summary state court opinions, as well as to opinions that do not cite Supreme Court precedent." *Means v. Sec'y, Dep't of Corrs.*, 433 F. App'x 852, 853 (11th Cir. 2011) (citing *Harrington*, 562 U.S. at 98–99). So, if a state court's decision is unaccompanied by any legal analysis or explanation, the petitioner must still show there was no reasonable basis for the state court to deny relief. *Johnson v. Sec'y, Dep't of Corrs.*, 643 F.3d 907, 930 n.9 (11th Cir. 2011). This court also must presume state court factual determinations to be correct; petitioners must rebut that presumption by clear and convincing evidence. 28 U.S.C. § 2254(e). "'[A] state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance.'" *Burt v. Titlow*, 571 U.S. 12, 15 (2013) (quoting *Wood v. Allen*, 558 U.S. 290, 301 (2010)).

       1.    ***Strickland* Standard for Claims of Ineffective Assistance of Counsel**

Claims of ineffective assistance of counsel are evaluated through the standard promulgated by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). To establish a claim of ineffective assistance, a petitioner must show that counsel's performance was deficient and that the defense was prejudiced by that deficiency. 466 U.S. at 687.

To satisfy *Strickland*'s deficient-performance prong, a petitioner must show that counsel's performance "fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. This requires showing that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id*. at 694. An attorney's performance is presumed to have been reasonable and must not be examined aided by judicial hindsight. *Messer v. Kemp*, 760 F.2d 1080, 1088 (11th Cir. 1985). Federal courts apply a "heavy measure of deference to counsel's judgments." *Singleton v. Thigpen*, 847 F.2d 668, 670 (11th Cir. 1988) (quoting *Strickland*, 446 U.S. at 691).

As for *Strickland*'s prejudice prong, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 446 U.S. at 694. This requires showing that "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* "The likelihood of a different result must be substantial, not just conceivable." *Harrington*, 562 U.S. at 112.

A federal court's § 2254 review under *Strickland* is another step removed from the original analysis, or as the Supreme Court puts it, "doubly deferential." *Burt v. Titlo*w, 571 U.S. 12, 15 (2013) (quotation marks and citation omitted); *see Tanzi v. Sec'y, Florida Dep't of Corr.,* 772 F.3d 644, 652 (11th Cir. 2014) (quoting *Burt*).

2. **Merits of Clark's Remaining Ineffective-Assistance Claims**

As he did in his Rule 32 petition, Clark presents the following claims of ineffective assistance of counsel:

11

- His trial counsel rendered ineffective assistance by failing to ensure that the written reports of two psychologists who evaluated Clark (one of whom concluded that Clark did not identify as a high risk for committing violent acts) were made part of the record to support arguments that Clark's two consecutive 20-year sentences constituted cruel and unusual punishment and violated the principles of Rule 26.8 of the Alabama Rules of Criminal Procedure.[5] Doc. 1 at 5; Doc. 8-7 at 8–9.

- His trial and appellate counsel were ineffective for failing to argue that his sentence violated Ala. R. Crim. P. 26.8. Doc. 1 at 6–7; Doc. 8-7 at 8–9.

- His appellate counsel was ineffective for failing to inform the Alabama Court of Criminal Appeals that issues had been reserved for appellate review (based on Clark's filing of a motion to reconsider his sentence), which resulted in dismissal of Clark's appeal and prevented him from challenging his sentence on appeal. Doc. 1 at 8; Doc. 8-7 at 9–10.

In its order denying these claims in Clark's Rule 32 petition, the Rule 32 court noted that, at sentencing, Clark's trial counsel had read into the record the findings in the psychologists' written reports regarding Clark, and that the trial judge had considered those findings in imposing Clark's sentence. Doc. 8-7 at 42. The Rule 32 court further found that trial counsel's decision not to offer the written reports into evidence was one of strategy and did not constitute ineffective assistance of counsel. *Id*. The Rule 32 court also found that Clark had demonstrated no prejudice resulting from the failure of his trial and appellate counsel to argue that his sentences constituted cruel and unusual punishment and violated Ala. R. Crim. P. 26.8, and that Clark had demonstrated no prejudice resulting from his appellate counsel's failure to inform the Alabama Court of Criminal Appeals of that issues

---

[5] Clark submitted the mental-health professionals' written reports under seal with his Rule 32 petition. The written reports were also submitted to the Alabama Court of Criminal Appeals in Clark's appeal from the denial of his Rule 32 petition. This court allowed Clark to expand the record to submit one of the written reports under seal in this § 2254 proceeding.

12

had been reserved for appellate review. *Id*. The Rule 32 court specifically found that Clark had not demonstrated a reasonable likelihood of success for any of his arguments challenging his sentences. *Id.*

In its memorandum opinion affirming the Rule 32 court's rejection of Clark's claims of ineffective assistance of counsel, the Alabama Court of Criminal Appeals held:

> All of Clark's claims appear to be centered on his belief that his two consecutive 20-year sentences constituted cruel and unusual punishment and violated Rule 26.8, Ala. R. Crim. P.
>
>> "It is well settled that '[w]here a trial judge imposes a sentence within the statutory range, this Court will not disturb that sentence on appeal absent a showing of an abuse of the trial judge's discretion.' *Alderman v. State*, 615 So. 2d 640, 649 (Ala. Crim. App. 1992). 'The exception to this general rule is that "the appellate courts may review a sentence, which, although within the prescribed limitations, is so disproportionate to the offense charged that it constitutes a violation of a defendant's Eighth Amendment rights."' *Brown [v. State*, 611 So. 2d 1194], 1197, n.6 [(Ala. Crim. App. 1992)], quoting *Ex parte Maddox*, 502 So. 2d 786, 789 (Ala. 1986)."
>
> *Adams v. State*, 815 So. 2d 583, 585 (Ala. Crim. App. 2001).
>
>> """Reviewing courts, of course, should grant substantial deference to the broad authority that legislatures necessarily possess in determining the types and limits of punishments for crimes."' 460 So. 2d at 874, quoting *Solem v. Helm*, 463 U.S. 277, 290, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983). '""Where the punishment prescribed by the legislature is severe merely by reason of its extent, as distinguished from its nature, there is no collision with the Eighth Amendment."'" *Wilson v. State*, 427 So. 2d 148, 152 (Ala. Crim. App. 1983) (quoting *Watson v. State*, 392 So. 2d 1274, 1277 (Ala. Crim. App. 1980), quoting in turn . . . *Messelt v. State*, 351 So. 2d 636, 639 (Ala. Crim. App. 1977))."
>
> *Ware v. State*, 949 So. 2d 169, 183 (Ala. Crim. App. 2006). Rule 26.8, Ala. R. Crim. P., provides:

13

> "The sentence imposed in each case should call for the least restrictive sanction that is consistent with the protection of the public and the gravity of the crime. In determining the sentence, the court should evaluate the crime and its consequences, as well as the background and record of the defendant and give serious consideration to the goal of sentencing equality and the need to avoid unwarranted disparities.
>
> "Judges should be sensitive to the impact their sentences have on all components of the criminal justice system and should consider alternatives to long-term institutional confinement or incarceration in cases involving offenders whom the court deems to pose no serious danger to society."

First-degree aggravated stalking is a Class B felony, *see* § 13A-6-91(b), Ala. Code 1975, punishable by no more than 20 years or less than 2 years in prison, *see* § 13A-5-6(a)(2), Ala. Code 1975. Clark's 20-year sentences, although the maximum authorized by law and ordered by the trial court to run consecutively, are within the statutory range of punishment. At the sentencing hearing, after hearing testimony from several witnesses, including the two victims, the trial court explained its reasons for imposing the maximum sentences: "I honestly think this is the most dangerous man I've ever had in my courtroom. I mean that sincerely. . . . he's just a ticking time bomb." (Supplemental Record on Direct Appeal, R. 30 [Doc. 8-4 at 45–46].) After reviewing the record from Clark's direct appeal, as well as the two evaluations Clark filed under seal with his petition, we conclude that his sentences were not unconstitutional and did not violate Rule 26.8, Ala. R. Crim. "Because the substantive claim[s] underlying the claim[s] of ineffective assistance of counsel ha[ve] no merit, counsel could not be ineffective for failing to raise th[ese] issue[s]." *Lee v. State*, 44 So. 3d 1145, 1173 (Ala. Crim. App. 2009). Even had trial and appellate counsel done everything Clark argues they should have, there is not a reasonable probability that he would have received lesser sentences in the trial court or obtained relief from his sentences on appeal. *See Strickland v. Washington*, 466 U.S. 668 (1984) (setting out the standard for establishing that counsel was ineffective).

Rule 32.7(d), Ala. R. Crim. P., authorizes the circuit court to summarily dismiss a petitioner's Rule 32 petition

14

> "[i]f the court determines that the petition is not sufficiently specific, or is precluded, or fails to state a claim, or that no material issue of fact or law exists which would entitle the petitioner to relief under this rule and that no purpose would be served by any further proceedings. . . ."

*See also Hannon v. State*, 861 So. 2d 426, 427 (Ala. Crim. App. 2003); *Cogman v. State*, 852 So. 2d 191, 193 (Ala. Crim. App. 2002); *Tatum v. State*, 607 So. 2d 383, 384 (Ala. Crim. App. 1992). """[W]here a simple reading of the petition for post-conviction relief shows that, assuming every allegation of the petition to be true, it is obviously without merit or is precluded, the circuit court [may] summarily dismiss that petition.""" *Shaw v. State*, 148 So. 3d 745, 765 (Ala. Crim. App. 2013) (quoting *Bryant v. State*, 181 So. 3d 1087, 1102 (Ala. Crim. App. 2011), quoting other cases). Because Clark's claims were meritless, summary disposition of Clark's Rule 32 petition was appropriate.

Based on the foregoing, the judgment of the circuit court is affirmed.

Doc. 8-8 at 3–6 (footnote omitted).

Clark's ineffective-assistance claims all stem from the premise that his two consecutive 20-year sentences constituted cruel and unusual punishment and violated Ala. R. Crim. P. 26.8. That premise, however, was considered and rejected by the Alabama Court of Criminal Appeals. Clark does not show that the state-court rulings denying his ineffective-assistance claims were (1) contrary to, or an unreasonable application of, clearly established federal law as determined by the United States Supreme Court, or (2) based on unreasonable determinations of the facts in light of the evidence presented. Regarding Clark's claim that his counsel was ineffective for failing to make the psychologists' written reports part of the record, the Alabama Court of Criminal Appeals stated that it had reviewed the written reports in finding Clark's sentences did not constitute

15

cruel and unusual punishment and did not violate Ala. R. Crim. P. 26.8.[6] Doc. 8-8 at 5. The Alabama Court of Criminal Appeals noted that Clark's sentences were within the statutory limits and took particular notice of the sentencing judge's comments that Clark was "the most dangerous man" he'd ever had in his courtroom and that Clark was "just a ticking time bomb." *Id*. The same reasoning underlay the Alabama Court of Criminal Appeals' rejection of Clark's remaining claims of ineffective assistance of counsel. The Alabama Court of Criminal Appeals found that because Clark did not prove cruel and unusual punishment or a violation of Ala. R. Crim. P. 26.8, he demonstrated no reasonable probability that he would have obtained relief, whether at sentencing or in a direct appeal, had his lawyers done everything he contended they should have done, whether in the trial court or on appeal.[7] *Id*.

Because a habeas court must grant considerable deference to legislatively mandated terms of imprisonment, it is "exceedingly rare" for a petitioner to successfully challenge his sentence. *Ewing v. California*, 538 U.S. 11, 22 (2003) (quoting *Hutto v. Davis*, 454 U.S. 370, 374 (1982) (per curiam )); *accord Solem v. Helm*, 463 U.S. 277, 290 (1983)

---

[6] It is evident that the contents of the psychologists' written reports beneficial to Clark were before the courts (the sentencing judge, by the Rule 32 court, by and the Alabama Court of Criminal Appeals) at every level of Clark's proceedings.

[7] Clark also does not establish that it was professionally unreasonable for his counsel to fail to inform the Alabama Court of Criminal Appeals that issues were properly reserved for appellate review. Clark suggests that a motion to reconsider sentence he filed with the trial court after he was sentenced was sufficient to reserve issues for an appeal. However, *Williams*, which the Alabama Court of Criminal Appeals cited as authority for dismissing Clark's appeal, held that a guilty plea can only be appealed if the appellant either reserved specific issues for appellate review before entering the guilty plea or, within thirty days from the date the sentence was pronounced, filed a motion to withdraw the guilty plea or motion for new trial. *See* 854 So.2d 626–27. None of these things occurred in Clark's case.

("Reviewing courts, of course, should grant substantial deference to the broad authority that legislatures necessarily possess in determining the types and limits of punishments for crimes, as well as to the discretion that trial courts possess in sentencing convicted criminals."). Evidence presented at Clark's sentencing hearing, including testimony from the two victims named in the indictment, showed that, for a period of years, Clark engaged in continuous threatening and harassing conduct toward his neighbors, including stalking, death threats, physical attacks, poisoning of lawns and pets, swerving his car toward a pedestrian, and firing guns at neighborhood residences. Doc. 8-4 at 22–38. Clark would also shine large lights with a strobe feature into neighbors' houses at night. *Id*. at 24–25. Testimony indicated that some of Clark's neighbors were scared to be in their yards out of fear of Clark, and witnesses described feeling like prisoners in their own homes. *Id.* at 25–26. Authorities found approximately 40,000 rounds of ammunition and weapons, including assault rifles, in Clark's home, violating a protection order stemming from previous stalking charges against Clark. *Id*. at 46.

Clark's sentence does not come near to approaching the outer limits of what the Supreme Court has determined to be permissible punishments under the Eighth Amendment. *See Lockyer v. Andrade*, 538 U.S. 63, 77 (2003) (holding that petitioner's sentence under California "three strikes" recidivist statute of two consecutive terms of 25 years to life for stealing approximately $150 in videotapes was not grossly disproportionate in violation of the Eighth Amendment); *Hutto*, 454 U.S. at 374 (where defendant was sentenced to two consecutive terms of 20 years in prison for possession with intent to

17

distribute nine ounces of marijuana and distribution of marijuana, Eighth Amendment not violated).

Clark fails to show that the state court's rulings on his ineffective-assistance claims were "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington*, 562 U.S. at 103. He is entitled to no relief on his claims.

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that Clark's petition for writ of habeas corpus under 28 U.S.C. § 2254 be DENIED and that this case be DISMISSED with prejudice.

It is further

ORDERED that the parties shall file any objections to this Recommendation by **May 16, 2023.** A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations under 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1. *See Stein v. Lanning*

*Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982*). See also Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir. 1981) (en banc).

  DONE this 2nd day of May, 2023.


     /s/  Charles S. Coody
     CHARLES S. COODY
     UNITED STATES MAGISTRATE JUDGE